UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| **ROBERT CARROLL, JR.,** | } |
| **Plaintiff,** | } |
| vs. | } CASE NO. 1:10-cv-0864-SLB |
| **LARRY AMERSON, *et al.*,** | } |
| **Defendants.** | } |

**MEMORANDUM OPINION**

On February 1, 2013, the Magistrate Judge filed his Report and Recommendation, (doc. 54),[1] recommending that defendants' Motion for Summary Judgment, (doc. 46), be granted and that this case be dismissed with prejudice due to plaintiff's failure to properly exhaust his administrative remedies as required by the Prison Litigation Reform Act ("PLRA"). On February 19, 2013, plaintiff filed his Affidavit and Objection to the Magistrate Judge's Findings and Recommendation, (doc. 56).

On April 26, 2012, defendants filed the pending Motion for Summary Judgment, (doc. 46), wherein they, *inter alia*, reassert their stance that plaintiff failed to exhaust the administrative remedies available at the Calhoun County Jail as to any of his claims.[2] Each

---

[1] Reference to a document number, ["Doc. ___"], refers to the number assigned to each document as it is filed in the court's record.

[2] Defendants previously raised the exhaustion issue in a Special Report, (doc. 18), on November 10, 2010, which the Magistrate Judge converted into a motion for summary judgment. The Magistrate Judge issued a Report and Recommendation, (doc. 37), recommending that defendants' converted motion for summary judgment be granted on failure to exhaust grounds. Plaintiff submitted objections to the Report and Recommendation wherein he stated, under oath, that he submitted grievances, inmate requests, and medical requests to the Calhoun County Jail

defendant submitted an affidavit providing a detailed explanation of the Calhoun County Jail grievance procedure.  According to the affidavit evidence, "[t]he Calhoun County Jail has separate Medical Request Forms, Inmate Request Forms and Inmate Grievance Forms which can be obtained from any member of the jail staff at any time."  (Doc. 48-1 at ¶ 6; doc. 48-2 ¶ 8; doc. 48-3 ¶ 5; doc. 48-4 ¶ 5; doc. 48-6 ¶ 23; 49-1 ¶ 22.)  A corrections officer pushes a cart through the jail twice daily, and inmates place their Inmate Grievance Forms and Inmate Request Forms in designated locked boxes on this cart.  (Doc. 48-1 ¶ 7; doc. 48-2 ¶ 9; doc. 48-3 ¶ 6; doc. 48-4 ¶ 6; doc. 48-6 ¶ 24; doc. 49-1 ¶ 23.)  A separate cart with a designated locked box for Medical Request Forms is pushed through the jail two to three times daily.  (Doc. 48-1 ¶ 7; doc. 48-2 ¶ 9; doc. 48-3 ¶ 6; doc. 48-4 ¶ 6; doc. 48-6 ¶ 24; doc. 49-1 ¶ 23.)  All the collected forms "are routed to the Jail Administrator or Lieutenant and, if necessary, forwarded by him or her to the proper authority."  (Doc. 48-1 ¶ 7; doc. 48-2 ¶ 9; doc. 48-3 ¶ 6; doc. 48-4 ¶ 6; doc. 48-6 ¶ 24; doc. 49-1 ¶ 23.)  "Completed grievance forms are

---

staff that went unanswered.  (Doc. 40 at 2.)  In support, plaintiff attached copies of written Inmate Grievance Forms, Inmate Request Forms, and Medical Request Forms that he purportedly filed with the jail administration.  (*See* doc. 39.)  The forms contained a section for a jail official's response and final answer.  (*Id*.)  This section was left blank on all plaintiff's forms, indicating that jail officials never responded to plaintiff's grievances and requests.  (*Id*.)  Based on plaintiff's objections and evidentiary submissions, the court rejected the Magistrate Judge's Report and Recommendation and denied defendants' converted motion for summary judgment without prejudice.  (Doc. 41 at 3.)  The court found that the unanswered grievance and request forms, coupled with plaintiff's sworn statement, created a question of fact as to whether plaintiff had exhausted his administrative remedies.  (*Id*. at 2 [citing *Whitington v. Ortiz*, 472 F.3d 804, 807-08 (10th Cir. 2007) ("When prison officials fail to timely respond to a grievance, the prisoner has exhausted 'available' administrative remedies under the PLRA."); *Fazzini v. Northeast Ohio Correctional Center*, 473 F.3d 229, 234 (6th Cir. 2006) ("The exhaustion requirement is satisfied where prison officials fail to timely respond to an inmate's written grievance."); *Brengettcy v. Horton*, 423 F.3d 674, 682 (7th Cir. 2005); *Miller v. Tanner*, 196 F.3d 1190, 1194 (11th Cir. 1999)].).

specifically delivered to the Jail Administrator or other appropriate personnel, who then read the grievances and respond on the grievance form.  Then, a copy of the form with the response is sent to the inmate and the original is placed in his or her file." (Doc. 48-1 ¶ 7; doc. 48-2 ¶ 9; doc. 48-3 ¶ 6; doc. 48-4 ¶ 6; doc. 48-6 ¶ 24; doc. 49-1 ¶ 23.)  Each inmate receives a copy of the Calhoun County Jail Inmate Handbook, which explains the grievance procedure.  (Doc. 48-1 ¶¶ 9-10; doc. 48-2 ¶¶ 11-12; doc. 48-3 ¶¶ 8-9; doc. 48-4 ¶¶ 8-9; doc. 48-6 ¶¶ 26-27; doc. 49-1 ¶¶ 25-26.)  Jail Administrator Eric Starr ("Starr") and Lieutenant Lisa Abernathy ("Abernathy"), to whom collected grievance forms and inmate requests are routed, stated that they had "never seen or heard of the eleven forms Plaintiff claims to have filed," and that "[p]laintiff's jail file does not contain any grievance regarding the allegations of his Complaint . . . ." (Doc. 48-2 ¶ 13; doc. 48-3 ¶ 10.)[3]  Furthermore, the affidavits state that inmates are not afraid to submit grievances, nor are they oppressed or retaliated against for doing so.  (Doc. 48-1  ¶ 12; doc. 48-2 ¶ 15; doc. 48-3  ¶ 12; doc. 48-4  ¶ 12; doc. 48-6 ¶ 29; doc. 49-1 ¶ 28.)  According to defendants, no negative action may be taken against an inmate for filing a grievance, and jail officers "are charged with the responsibility of reporting infractions by fellow officers and reporting any problem to the senior officer present immediately upon learning of the problem." (Doc. 48-1 ¶¶ 8, 14; doc. 48-2 ¶¶ 10, 31; doc. 48-3 ¶¶ 7, 13; 48-4 ¶¶ 7, 13; doc. 48-6 ¶¶ 25, 31; doc. 49-1 ¶¶ 24, 30.)

---

[3] Starr and Abernathy held these positions at all times plaintiff was incarcerated.  (Doc. 48-2 ¶ 2; doc. 48-3 ¶ 2.)

Plaintiff responded by filing a seventy-five-page Affidavit in opposition to defendants' Motion for Summary Judgment. (Doc. 51). Plaintiff does not directly address the exhaustion issue in his Affidavit, instead devoting most of his attention to detailing defendants' alleged wrongdoings. However, plaintiff does, in passing, make references to "requests" and "complaints" that he made with jail officials. On several occasions, plaintiff alleges that he "wrote" to Starr, Abernathy, and the custody supervisor requesting to be placed into protective custody or reassigned to another dormitory. (*Id*. at 10-12, 28-29.) On another occasion, plaintiff asked a corporal at the Calhoun County Jail how to appeal the results of a disciplinary hearing because Abernathy had not provided him with an "appeal form." (*Id*. at 63.) The corporal advised plaintiff to file a grievance. (*Id*. at 64.) Plaintiff "explained" to the corporal that "it would be somewhat unfashionable to file an . . . appeal without a required letterhead . . . and its precise indication." (*Id*.) Plaintiff therefore "emulated a formal complaint" and gave it to an officer "to [e]nsure its deliver[y] to the jail administer." (*Id*.) Plaintiff also made several verbal requests and complaints: specifically, he asked jail officers to be moved from his dormitory, (*id*. at 7-9, 22); he complained to an officer about his cell conditions, (*id*. at 25); and he requested that officials provide him with his prescription pain medication, (*id*. at 47, 54). Furthermore, plaintiff "submitted multiple complaints" to medical personnel and custodial and administrative personnel concerning his exposure to a contagious skin disease. (*Id*. at 70.) Lastly, plaintiff states that he submitted a request to use the jail's law library, to which he received no response. (*Id*. at 29-30.)

4

The PLRA requires the exhaustion of available administrative remedies as a precondition to a prisoner filing suit. 42 U.S.C. § 1997e(a). Specifically, "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." *Id*. The PLRA mandates "proper exhaustion," meaning that "a prisoner must complete the administrative review process in accordance with the applicable procedural rules . . . as a precondition to bringing suit in federal court." *Woodford v. Ngo*, 548 U.S. 81, 88 (2006); *see Mason v. Bridger*, 261 F. App'x 225, 228 (11th Cir. 2008). "Proper exhaustion demands compliance with . . . [the] critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Woodford*, 548 U.S. at 90-91. Because the claims raised by plaintiff involve "prison conditions" for purposes of the PLRA's exhaustion requirement,[4] summary judgment is due to be granted absent a factual question as to whether plaintiff properly exhausted the administrative remedies available at the Calhoun County Jail.

In the pending Report and Recommendation, the Magistrate Judge concluded that plaintiff had not exhausted his administrative remedies because his Affidavit in opposition to defendants' Motion for Summary Judgment lacked "*specific* facts showing that he *properly* followed the jail grievance procedure by placing those grievances in the appropriate

---

[4] "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002).

lockbox designated for that purpose . . . [and his] vague statements regarding the exhaustion issue are not sufficient to create a *genuine* issue for trial." (Doc. 54 at 8-9 [emphasis in original].) In his Affidavit and Objection to the Magistrate Judge's Findings and Recommendations, (doc. 56), plaintiff maintains that he exhausted all available administrative remedies but did not receive a response.[5] Plaintiff also contends that he was not required to exhaust the administrative grievance procedure because the remedies available to him at the Calhoun County Jail did not include monetary damages.

After having carefully reviewed the pleadings, the submissions of the parties, the record evidence, and the pending Report and Recommendation, (doc. 54), the court concludes that plaintiff has not made a colorable showing that he complied with the Calhoun County Jail grievance procedure for purposes of withstanding summary judgment. The record evidence establishes that Calhoun County Jail maintains a grievance procedure available to all inmates. The procedure requires that prisoners submit Inmate Grievance Forms, Inmate Request Forms, and/or Medical Request Forms in designated locked boxes. Neither in his seventy-five-page Affidavit in opposition to defendant's Motion for Summary Judgment, nor in his Affidavit and Objections to the Magistrate Judge's Findings and Recommendation, does plaintiff aver that he placed a Inmate Grievance Form, Inmate Request Form, or Medical Request Form in the appropriate locked box. Instead, plaintiff speaks of generalized "complaints" or

---

[5] The objections are in large part a lengthy diatribe accusing the Magistrate Judge of misconduct in the handling of plaintiff's claims.

"requests" that he made with jail officials.[6] Such an approach is not sufficient to create a genuine issue of fact for purposes of summary judgment. *See Leigh v. Warner Bros., Inc.*, 212 F.3d 1210, 1217 (11th Cir. 2000) ("This court has consistently held that conclusory allegations without specific supporting facts have no probative value."); *see also Sun v. Girardot*, 237 F. App'x 415, 417 (11th Cir. 2007) (conclusory allegations are "legally insufficient to defeat summary judgment"). Once defendants carried their burden of proof, it was incumbent upon plaintiff to present specific facts which show that he properly exhausted his administrative grievance remedies at the Calhoun County Jail. *Woodford*, 548 U.S. at 88-91. The Magistrate Judge correctly concluded that the plaintiff has failed in that regard.

The Magistrate Judge also correctly concluded that the PLRA exhaustion requirements were applicable to the plaintiff's claims in this action, even if monetary recovery was unavailable to the plaintiff in the jail grievance process. *See id.* at 85 ("[A] prisoner must now exhaust administrative remedies even where the relief

---

[6] Plaintiff directs the court to the "copies" of grievances and requests that he submitted with his objections to the Magistrate Judge's first Report and Recommendation as direct evidence that he exhausted his administrative remedies. However, these alleged "copies" of grievances and requests are not photocopies. Instead, these "copies" are actually handwritten originals that plaintiff submitted to the court with the word "copy" written thereon. To that end, these "copies" are not admissible as duplicates under Rule 1003 of the Federal Rules of Evidence. *See* Fed. R. Evid. 1001(e) ("A 'duplicate' means a counterpart produced by a mechanical, photographic, chemical, electronic, or other equivalent process or technique that accurately reproduces the original."); Fed. R. Evid. 1001 advisory committee notes ("Copies subsequently produced manually, whether handwritten or typed, are not within the definition [of 'duplicates']."). Even assuming they were admissible, the fact remains that plaintiff has not presented any evidence that he filed these grievances and requests in the appropriate locked boxes as required by the Calhoun County Jail grievance procedure.

sought—monetary damages—cannot be granted by the administrative process."); *Johnson v. Meadows*, 418 F.3d 1152, 1155 (11th Cir. 2005) ("[The PLRA] mandates strict exhaustion, 'irrespective of the forms of relief sought and offered through administrative avenues.'" (quoting *Booth v. Churner,* 532 U.S. 731, 741 n.6 (2001))).

Accordingly, having carefully reviewed and considered *de novo* all the materials in the court file, including the Magistrate Judge's Report and Recommendation, (doc. 54), and the objections thereto, (doc. 56), the court concludes that the Report and Recommendation is due to be **ADOPTED** and his recommendation is due to be **ACCEPTED**.  The court expressly finds that there are no genuine issues of material fact and that the defendants are entitled to judgment as a matter of law.  The defendants' Motion for Summary Judgment, (doc. 46), is therefore due to be **GRANTED** and this action is due to be **DISMISSED WITH PREJUDICE** pursuant to 42 U.S.C. § 1997e(a).[7]  A Final Judgment will be entered.  Plaintiff's Motion for Enlargement of Time to File Objections, (doc. 55), is due to be **DENIED AS MOOT**.

**DONE** this 29th day of March, 2013.

                                        */s/ Sharon Lovelace Blackburn*
                                      SHARON LOVELACE BLACKBURN
                                      CHIEF UNITED STATES DISTRICT JUDGE

---

[7] The Eleventh Circuit has noted that dismissal with prejudice is appropriate when "administrative remedies have become unavailable after the prisoner had ample opportunity to use them and no special circumstances justified failure to exhaust." *Bryant v. Rich*, 530 F.3d 1368, 1375 (11th Cir. 2008) (quoting *Berry v. Kerik*, 366 F.3d 85, 87-88 (2d Cir. 2004)) (internal quotations marks omitted).  Here, dismissal with prejudice is appropriate because plaintiff is no longer incarcerated at Calhoun County Jail and no special circumstances exist justifying his failure to exhaust the jail's administrative remedies.